IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

PETER COPLEY,

      Plaintiff,

    vs.                                                                                                        No. CIV 99-0570 JC/RLP

MORNINGSTAR CORPORATION and
NORMAN GEOFFREY McMAHON and
SANDRA McMAHON, husband and wife,

      Defendants.

## MEMORANDUM OPINION AND ORDER

THIS MATTER came on for consideration of Defendants' Motion to Dismiss ("Motion"), filed October 18, 1999 *(Doc. 6)*. The Court has reviewed the Motion, the memoranda and exhibits submitted by the parties, and the relevant authorities. The Court finds that Defendants' Motion is well taken and will be granted.

**I.**     **Background**

Unless otherwise indicated, the following facts are undisputed or are based on Plaintiff's account. Plaintiff Peter Copley ("Copley"), an Australian citizen, is owner and one of two shareholders of NM Holdings, Inc. ("NM Holdings"). The other NM Holdings shareholder is Plaintiff Copley's wife, Janette Copley. NM Holdings is a New Mexico Corporation. Defendant Norman McMahon owns and operates Defendant Morningstar Corporation ("Morningstar"). All Defendants in this action are citizens of New Mexico.

In March of 1996, NM Holdings and Morningstar entered into a joint venture engaged in the development of subdivisions near Farmington, New Mexico. The relationship between the parties

began to deteriorate in October of 1997, when Defendant Sandra McMahon accused Copley of stealing from Morningstar. Copley contends that Defendants failed to make certain promised payments to NM Holdings. The Copleys returned to Australia in the Spring of 1998 and NM Holdings has conducted no business since 1998.[1]

On April 20, 1999, NM Holdings and Copley filed an action against Defendants in the Second Judicial District Court of Bernalillo County alleging breach of contract and various other state claims. On May 7, 1999, Defendants moved for dismissal of the Bernalillo County lawsuit on the basis of improper venue. On May 20, 1999, NM Holdings and Copley filed this action in federal court, alleging the same claims as in the state action. *See* Pl's. Compl. *(Doc. 1)*. After filing this action in federal court, but prior to service of process on the defendants, NM Holdings assigned its claims to Copley and began dissolution proceedings. On June 2, 1999, the parties agreed that NM Holdings and Copley would dismiss the Bernalillo County action and refile their suit. Defendants assert that at the time of this agreement, they were unaware that NM Holdings and Copley had already filed their federal action in this Court; Plaintiff does not dispute this assertion.[2]

On July 13, 1999, Plaintiff amended the federal complaint by removing NM Holdings as a co-Plaintiff. On July 20, 1999, Defendants in this action filed suit in the Eleventh Judicial District Court of San Juan County against NM Holdings and Copley, alleging causes of action arising from the same breach of contract claims involved in the suit before this Court.

---

[1] Plaintiff fails to clearly indicate the current status of NM Holdings, stating in one part of his Response that the corporation "was recently dissolved," Pl.'s Resp. at 2, and later in the same brief that "[t]he corporation is being dissolved," *id.* at 5.

[2] Defendants also assert that they understood Plaintiff would refile his claim in San Juan County; Plaintiff denies any such agreement on his part.

## II. Discussion

Defendants argue for dismissal of Plaintiff's lawsuit, asserting that NM Holdings is an indispensable party to this action and that its joinder would defeat diversity jurisdiction. Defendants further contend that NM Holdings' assignment to Copley and dissolution proceedings are collusive and improper attempts to create federal diversity jurisdiction. Copley does not deny that the presence of NM Holdings as co-Plaintiff would defeat diversity. Absent NM Holdings' deletion as co-Plaintiff, this Court lacks jurisdiction over this action. Nor does Plaintiff dispute that prior to the assignment, NM Holdings was an indispensable party to this action. However, an analysis of whether NM Holdings is a necessary and indispensable party is irrelevant should the assignment constitute an improper attempt to manufacture federal jurisdiction. Accordingly, the Court agrees with Plaintiff that, at this time, the "sole issue before this Court is whether the assignment to Peter Copley and the dissolution of NM Holdings" improperly attempted to create federal diversity jurisdiction. Pl.'s Resp. at 3. "A determination of subject matter jurisdiction presents a question of law for the court." *Canton Indus. Corp. v. Mi-Jack Prod., Inc.*, 944 F. Supp. 853, 855 (D. Utah 1996) (citing *Henry v. Office of Thrift Supervision*, 43 F.3d 507, 511 (10th Cir. 1994)).

### *The Federal Anti-Collusion Statute*

"A district court shall not have jurisdiction of a civil action in which any party, *by assignment or otherwise*, has been improperly or collusively made or joined to invoke the jurisdiction of such court." 28 U.S.C. § 1359 (1993) (emphasis added). "A party charged with creating jurisdiction by collusion bears the burden of demonstrating that jurisdiction is proper." *Canton*, 944 F. Supp. at 856 (quoting *Amoco Rocmount Co. v. Anschutz Corp.*, 7 F.3d 909, 916 (10th Cir. 1993)). Moreover, certain assignments are presumptively collusive and necessitate a heightened level of judicial scrutiny.

*See Yokeno v. Mafnas*, 973 F.2d 803, 809-10 (9th Cir. 1992). For example, "[a]ssignments between parent companies and subsidiaries, and . . . by corporations to their officers or directors are presumptively ineffective to create diversity jurisdiction." *Id.* (internal quotations and citations omitted). The assignment from NM Holdings to Peter Copley is essentially an assignment from a corporation to its President, consequently warranting a heightened level of scrutiny.

In assessing the legitimacy of assignments under this heightened standard, a district court must consider several factors: 1) the extent to which an assignee has a preexisting financial interest, 2) adequacy of consideration, 3) whether the underlying motivation for the assignment involved a sufficiently compelling business purpose that the assignment would have been made absent the purpose of gaining a federal forum, 4) the timing of the assignment, 5) whether the assignor has transferred all interest in the litigation, and 6) whether the assignee is financing the claim. *Canton*, 944 F. Supp. at 856-57 (citing *Western Farm Credit Bank v. Hamakua Sugar Co.*, 841 F. Supp. 976, 982 (D. Haw. 1994)). I assume for purposes of this discussion that Copley can demonstrate a preexisting financial interest, that NM Holdings transferred all interest in the litigation to Copley, and that Copley is financing the litigation. In the instant case, Copley does not allege that he exchanged adequate consideration for the assignment from NM Holdings. Additionally, facts related to the underlying motivation and timing of the assignment strongly support an inference of collusion. Because the circumstances related to motivation and timing are particularly compelling, I will further discuss them below. Finally, Plaintiff's claims are predominantly of a business nature,[3] raising the

---

[3] Plaintiff's First Amended Complaint raises six claims: 1) Breach of Contract, 2) Debt and Money Owed on Open Account, 3) Fraud, 4) Tortuous [sic] Interference with Contractual Relations and Conspiracy to Commit Wrongful Acts, 5) Breach of Covenant of Good Faith and Fair Dealing, and 6) Intentional Infliction of Emotional Distress.

concern that this action may "inappropriately channel ordinary business litigation into the federal courts." *Canton*, 944 F. Supp. at 858 (quoting *Amoco*, 7 F.3d at 916)). Considering the totality of the circumstances, I find that Plaintiff fails to overcome the heightened presumption against diversity jurisdiction.

### *Underlying Motivation for the Assignment*

Under the heightened presumption, "our primary inquiry is whether the assignment would have been made absent the purpose of obtaining a federal forum." *Nike, Inc. v. Comercial Iberica de Exclusivas Deportivas, S.A.*, 20 F.3d 987, 992 (9th Cir. 1994). Plaintiff insists that the assignment to him was made "in light of the fact that [NM Holdings] was out of business" since 1998. Pl.'s Resp. at 4. However, Plaintiff does not explain why the same fact failed to motivate him to obtain an assignment or dissolve NM Holdings in conjunction with the filing of the state action in April of 1999. The prior conduct of Plaintiff casts doubt on his professed purpose for obtaining the assignment from NM Holdings. In *Nike*, the court ruled against the plaintiff on the question of underlying motive, pointing to the fact that the plaintiff had filed an action in another forum against the same defendant *without* obtaining an assignment. *See id.* Given these facts, I find Plaintiff's business purpose insufficiently compelling to overcome the heightened presumption against diversity jurisdiction.

### *Timing of the Assignment*

Similarly, the timing of the assignment and dissolution proceedings supports an inference that Plaintiff engaged in collusion in order to obtain diversity jurisdiction. Although the Copleys returned to Australia in Spring of 1998 and NM Holdings has conducted no business since that year, Plaintiff made no attempt to dissolve NM Holdings until after the filing of this claim in federal court on

May 20, 1999.  The speed with which Plaintiff then acted to assign the claim and initiate dissolution proceedings, following months of corporate inactivity, raises doubt regarding Copley's purported business reason for this conduct.  In this case, a federal action is possible only through the deletion of NM Holdings as a non-diverse party.  Plaintiff fails to offer an explanation for the timing of the assignment and dissolution of NM Holdings other than an apparent attempt to obtain diversity jurisdiction.  Therefore, this factor supports an inference of collusion.

### III. Conclusion

I find that Plaintiff fails to overcome the heightened presumption that NM Holdings' assignment and dissolution are improper attempts to obtain federal diversity jurisdiction in violation of 28 U.S.C. § 1359.  Therefore, this action will be dismissed for lack of subject matter jurisdiction.

Wherefore,

IT IS ORDERED that Defendants' Motion to Dismiss *(Doc. 6)* is **granted**; this action is **dismissed** without prejudice for lack of subject matter jurisdiction.

DATED this 18th day of November, 1999.

                                                                                    _____
                                                                                    **CHIEF UNITED STATES DISTRICT JUDGE**

| | |
|---|---|
| Counsel for Plaintiff: | Christopher P. Bauman<br>Mark C. Dow<br>Bauman & Dow, P.C.<br>Albuquerque, New Mexico |
| Counsel for Defendants: | Kyle M. Finch<br>Miller, Stratvert & Torgerson, P.A.<br>Farmington, New Mexico |